441 Riv. Ave, Inc. v Foodfest Cash & Carry, Inc. (2021 NY Slip Op 00077)





441 Riv. Ave, Inc. v Foodfest Cash & Carry, Inc.


2021 NY Slip Op 00077


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 23090/14E Appeal No. 12801-12801A Case No. 2020-01232 2020-01233 

[*1]441 River Ave, Inc., Also Known as 441 River Avenue, Inc., Plaintiff-Appellant,
v
Foodfest Cash and Carry, Inc., et al., Defendants-Respondents.


Kishner Miller Himes P.C., New York (Elizabeth Tobio of counsel), for appellant.
Capell Barnett Matalon & Schoenfeld LLP, New York (Joseph Milano of counsel), for respondents.



Orders, Supreme Court, Bronx County (RubÉn Franco, J.), entered on or about August 27, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment on its complaint, unanimously affirmed, with costs. A lease should be interpreted in light of "the purposes sought to be attained by the parties" (Farrell Lines v City of New York, 30 NY2d 76, 82 [1972]). Here, section 55 of the rider to the lease between the parties described the purpose of the lease and sole permitted use of the demised premises as the "[d]istribution and warehouse of groceries, offices and related uses, including permitted cash and carry operations, with proper license if required." Supreme Court correctly found that use of the loading docks was necessary for defendants to conduct their "distribution" and "cash and carry operations" and the loading docks therefore passed to defendants as an appurtenance to the lease (Second on Second CafÉ, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 256 [1st Dept 2009]). Further, the sidewalk was an appurtenance to the demised premises because it was essential to the full beneficial use and enjoyment of the property. Without use of the sidewalk, defendants could not use the leased premises to conduct their business as intended. DOT's acquisition of a permanent easement over the sidewalk thus permitted defendants to terminate the lease under the lease's eminent domain provision.
Supreme Court correctly considered evidence that defendants paid rent for December 2013 and January 2014, particularly as plaintiff did not deny that the payments were made, only that the evidence of payment was produced post-discovery. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021